### LITT v. STEWART.

. (Supreme Court, Special Term, New York County. December 19, 1899.)

ATTORNEY AND CLIENT—MUNICIPAL COURT—STIPULATIONS—DECISION—EXTENSION OF TIME.

Where attorneys, after they had submitted a case to a judge of the municipal court, entered into a stipulation giving the judge additional time to decide the same, such stipulation was within the attorneys' authority, and their clients were bound thereby.

Action by one Litt against one Stewart to set aside a judgment of the municipal court. Complaint dismissed.

Burr & De Lacy (William P. Burr, of counsel), for plaintiff.
Bostwick, Morrell & Bates (Robert L. Morrell, of counsel), for defendant.

RUSSELL, J. There is evidently a difference of recollection here between counsel as to what occurred about this case. I have to decide the case upon the facts according to the preponderance of evidence, and do it in a cold, reasoning way. I do not decide because one man impresses me more than another does in giving his statement. We have first the presumption which always attaches, that magistrates and other officers do their duty. It was the duty of Judge Goldfogle, if no extension had been granted, to proceed no further in the case. The fact that he has done so shows that he believed he was pursuing his bounden duty from some circumstances. Then the evidence points to the circumstances which he relied upon. He says that he first sent down a written stipulation. At the time he sent the stipulation it must be remembered that both parties were hoping for a favorable decision. So no advantage would be given to either party by an extension of the time for the magistrate to render his judgment, and, of course, both parties were measurably desirous of being as courteous as possible to the judicial tribunal which was to pass upon the rights of the parties to the case. That written stipulation was signed, on or about the 27th of May, by the attorney for the plaintiff. By that written stipulation he was bound. So that, if events did not occur which bound the defendant in that litigation (the plaintiff here), then it produced an inequality by that stipulation, if the plaintiff in that suit before Judge Goldfogle was bound to wait for seven days. Now, within

those seven days the judgment was rendered. I cannot but infer that Judge Goldfogle understood that both parties assented. The judge testifies that he had a conversation over the telephone with the attorney for the defendant in that litigation, and that the attorney finally consented to extend the time. That statement of Judge Goldfogle adds great force to the presumption which ordinarily obtains that a magistrate performs his duty. In addition to that, Mr. Morrell testifies to a conversation with Mr. Burr over the telephone, in which Mr. Burr consented to an extension of the seven days. Upon that evidence I must find as a fact that Mr. Burr consented, if he had the authority to bind the plaintiff here and the defendant there by his action. What is the authority of an attorney who represents a client in a litigation? Of course, the rule is somewhat different in municipal courts than that which obtains in a court of record, where attorneys appear of record in place of their clients; but there is an implied authority which must exist, and it is somewhat fortified by the conversation which Mr. Morrell had with the defendant in that litigation, in which he virtually said he placed his interests in this litigation in the hands of Burr & De Lacy. Remembering always that until the magistrate finally decided both parties were anxious to have a favorable decision, I cannot but hold that an attorney has the power to consent to an extension of time to submit the case for decision—First, perhaps, to avail himself of time to further prepare a brief; and, secondly, to avoid for his clients the expenses of another litigation, the first being a mistrial. The stipulation on behalf of the plaintiff in that litigation was sent to the magistrate to his office. So that was an official act. The oral stipulation of the attorney for the defendant was communicated with the magistrate speaking from his office, and that was also a quasi official act. It seems to me that it would be highly improper to hold that attorneys may not get more time to save further litigation for a magistrate to pass upon the merits of a case between the litigants, and avoid the necessity of another suit. I think they had full authority to enter into this arrangement, and that it was virtually consummated, however Mr. Burr's recollection may differ from that of the witnesses as to the events which did occur. The action is not maintainable.

Complaint dismissed.